UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LOUIE BRAVO, JR. | ) CV 09-1213-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Comm., | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant, | ) |

## PROCEEDINGS

Plaintiff filed a Complaint on July 2, 2009, seeking review of the decision by the Commissioner of the Social Security Administration denying Supplemental Security Income ("SSI") benefits. Both parties consented to proceed before the United States Magistrate. The parties subsequently filed the following pleadings: Plaintiff's Brief with Points and Authorities in Support of Remand and Reversal, and Defendant's Brief with Points and Authorities. After

1

careful review of this matter, the decision of the Commissioner is reversed and the matter is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff filed an application for SSI benefits on October 20, 2006, claiming to be disabled due to Schizoaffective Disorder. (Administrative Record ("AR") 164). After the Social Security Administration denied plaintiff's claim and request for reconsideration, plaintiff was granted a hearing before an Administrative Law Judge ("ALJ") on August 13, 2008. (AR 49-55, 76-80, 105-119). In a written decision issued on January 15, 2009, the ALJ found that plaintiff's mental impairments were "nonsevere" because they only had a minimal effect on plaintiff's ability to perform basic mental work activities. The ALJ ultimately concluded that plaintiff has the physical residual functional capacity to perform a full range of work at all exertional levels, and denied plaintiff's claim for SSI benefits. (AR 5-14).

The Appeals Council affirmed the decision of the ALJ. This action followed.

## ISSUES FOR REVIEW

Plaintiff makes four challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred in: (1) failing to properly consider the treating psychiatrist's opinion; (2) failing to properly consider the treating clinician's opinion; (3) failing to obtain a vocational expert's testimony; and (4) failing to develop the record with regard to jobs in the national economy the ALJ found plaintiff capable of performing.

This Court finds that the ALJ erred in failing to consider the treating psychiatrist's opinion. Consequently, the Court will not address plaintiff's second, third, and fourth challenges.

# DISCUSSION

Plaintiff claims that the ALJ only discussed and relied upon the opinion provided by Reynaldo Abejuela, M.D. (Dr. Abejuela), the consulting psychiatrist, and failed to consider the opinions of Lisa Schmid, M.D. (Dr. Schmid), plaintiff's treating psychiatrist.[1]

Medical opinions are important at almost every stage of the five-step sequential evaluation. Generally, a treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The weight given a treating physician's opinion may also depend on whether it was supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927. The Ninth Circuit has consistently held that an ALJ may not reject a treating physician's medical opinion without providing *specific*, *legitimate reasons*, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); cf. Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984) ("To reject the uncontroverted opinion of a claimant's physician, the [Commissioner] must present clear and convincing reasons for doing so.").

Dr. Schmid diagnosed plaintiff with Schizoaffective Disorder on June 10, 2008, and noted that plaintiff presented symptoms of auditory hallucinations, moderately impaired memory, moderately impaired judgment, decreased energy, apathy, and social withdrawal. She believes plaintiff cannot maintain sustained levels of concentration, sustain repetitive tasks for an extended period, or adapt to new stressful situations. In Dr. Schmid's opinion, plaintiff is not able to complete a 40-hour work week without decomposition. (AR 240-49). Further, Dr. Schmid has been prescribing plaintiff Prozac and Risperdal since May 30,

---

[1] Neither party challenges the status of Dr. Schmid as plaintiff's treating psychiatrist.

2008. (AR 239, 251).

At the second step in the sequential evaluation process the ALJ relied on the opinion of Dr. Abejuela, to determine whether plaintiff's impairments were severe. (AR 10). After examining plaintiff, Dr. Abejuela opined that his examination did not reveal any significant cognitive defects, and found "no mental restriction in [plaintiff's] occupational and social functioning." (AR 190-97). Consistent with Dr. Abejuela's findings, the ALJ determined that plaintiff's impairments were "nonsevere" because they do not cause more than minimal limitation in his ability to perform basic mental work activities. (AR 10).

However, in the Decision, the ALJ failed to consider or even discuss the opinions of plaintiff's treating psychiatrist, Dr. Schmid. Dr. Schmid's opinions contradict the opinions of Dr. Abejuela, but they are supported by sufficient medical data, and are consistent with other evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (finding that even if the treating physician's opinion is contradicted by another doctor, the ALJ can only reject this opinion for specific, legitimate reasons).

Dr. Schmid's opinions are consistent with the opinions of Licensed Clinical Social Worker, James Strawn (Mr. Strawn). See also 20 C.F.R. § 416.927 (The weight given a treating physician's opinion may depend on whether it was supported by sufficient medical data). Following an examination, Mr. Strawn found plaintiff's mood to be depressed, he has a low ability to concentrate, excessive anxiety, and racing thoughts. Mr. Strawn also noted that plaintiff has paranoid delusions, auditory hallucinations, poor insight, judgment, and impulse control. (AR 240-49).

Dr. Schmid's opinions are also consistent with other medical evidence in the record. Plaintiff's mental health records, dating back to 2002, indicate that plaintiff has a history of auditory hallucinations and paranoia, (AR 201), plaintiff has an illogical thought pattern, (AR 204), and plaintiff suffers from

Schizoaffective Disorder. (AR 202). Holistically, plaintiff's medical history indicates that his "judgment and insight is impaired by mental disorder." (AR 210). 20 C.F.R. § 416.927 (The weight given a treating physician's opinion may also depend on whether it is consistent with other evidence in the record).

The ALJ's written decision is void of any specific, legitimate reasons for rejecting Dr. Schmid's opinion. Therefore, the ALJ erred in disregarding it.

## CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further administrative proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. Section 405(g).

DATED: February 17, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE